**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

THE ESTATE OF KATHERINE J.
GONZALES, SCOTT BOX, individually and
As Personal Representative, and RUSSELL
BOX, children of Katherine J. Gonzales,

    Plaintiffs,

vs.                                                             No.  1:11-cv-00486

AAA LIFE INSURANCE COMPANY,
A subsidiary of AAA AUTO CLUB,
GENERAL ELECTRIC COMPANY,
GENERAL ELECTRIC PENSION TRUST,
METROPOLITAN LIFE INSURANCE
(Plan Administrator; ERISA), NEW MEXICO
DEPARTMENT OF HEALTH, UNIVERSITY
OF NEW MEXICO, OFFICE OF MEDICAL
INVESTIGATOR, and MICHAEL A. PETERS,
ATTORNEY, individually and PETERS &
ASSOCIATES, P.C.,

    Defendants.

## NOTICE OF REMOVAL

Defendants Metropolitan Life Insurance Company ("MetLife"), General Electric Company ("GE"), and the General Electric Pension Trust and the GE Savings and Security Program, which has been incorrectly named as "General Electric Savings & Security," (collectively the "GE Plan") submit this Notice of Removal for the purpose of removing the above-entitled action from the Second Judicial District Court, Bernalillo County, New Mexico to the United States District Court for the District of New Mexico, and state as follows in support of this removal:

1.	Plaintiffs Scott Box and Russell Box ("collectively "the Boxes") are residents of New Mexico and the sons of Katherine J. Gonzales (Mrs. Gonzales"). *See* Complaint, ¶¶ 1-2. MetLife, GE, and the GE Plans have attached a copy of the complaint as Exhibit A.

2.	Plaintiff Scott Box also is the Personal Representative of the Estate of Katherine J. Gonzales ("the Estate"). *Id*.

3.	Mrs. Gonzales is a deceased person who resided in Bernalillo County New Mexico at the time of her death on March 2, 2009. *Id*. ¶¶ 2-4.

4.	The Boxes and the Estate have alleged that MetLife is "the (ERISA) Plan administrator for the GE life insurance policy of its employees …." *Id*. ¶ 1.

5.	Wayne Gonzales ("Mr. Gonzales") is a former employee of GE. *Id*.

6.	Mr. Gonzales was a participant in the group life insurance and pension plans under the GE Plans. *Id*. ¶¶ 1, 19-21.

7.	MetLife is the claim administrator and the insurer of life insurance benefits payable under the GE Plans. *Id.* 1, 19, 37-41.

8.	MetLife, GE, and the GE Plans are defendants in a civil action that the Boxes and the Estate filed in the Second Judicial District Court, For Bernalillo County, New Mexico, entitled *The Estate of Katherine J. Gonzales, et al. v. AAA Life Ins. Co., et al.*, No. CV 201104985. *Id*.

9.	MetLife first received notice of this action when it was served with the summons and complaint on May 13, 2011. *See* Notice of Service of Process and Summons attached as Exhibit B.

10. GE and the GE Plans first received notice of this action when they were served with the summons and complaint on May 11, 2011.

11. In compliance with D.N.M.LR-Civ. 81.1(a), MetLife, GE, and the GE Plans will file with the Clerk legible copies of other records and proceedings from the state court action within 30 calendar days after filing this notice of removal.

12. Upon inquiry by counsel for MetLife, GE, and the GE Plans, no further state court proceedings have occurred or are scheduled in this matter.

13. The Boxes and the Estate contend that they were entitled to receive life insurance and pension benefits under the GE Plans, which were paid to Carl Gonzales, the brother of Mr. Gonzales. Complaint, Exhibit A, ¶¶ 7, 11, 19, 20, 21, 24.

14. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*., governs the GE Plans. *Id.* ¶¶ 1, 19, 37-41.

15. The claims of the Boxes and the Estate against MetLife, GE, and the GE Plans seek relief relating to benefits available under the GE Plans, and, therefore, the claims of the Boxes and the Estate against MetLife, GE, and the GE Plans all relate to an employee benefit plans that ERISA governs. *Id.* ¶¶ 1, 19, 37-41.

16. The Boxes and the Estate have asserted a claim for relief under ERISA against MetLife, GE, and the GE Plans. *Id*. ¶¶ 37-41.

17. ERISA preempts all of the state law claims alleged in the complaint against MetLife, GE, and the GE Plans, and provides the exclusive remedies for resolution of benefit claims by employee benefit plan participants and beneficiaries. 29

U.S.C. § 1144(a); 29 U.S.C. § 1132(a)(1)(B); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

18. ERISA's broad preemptive nature allows a cause of action filed in state court that comes within the scope of ERISA to be removable to this Court under 28 U.S.C. §§ 1331 and 1441(b) as an action arising under federal law, even though the ERISA nature of the claim does not appear on the complaint's face. *Taylor*, 481 U.S. at 66.

19. Given that ERISA's preemption provisions are "deliberately expansive, and designed to establish [employee benefit] plan regulation as exclusively a federal concern," removal is appropriate. *Pilot Life*, 481 U.S. at 46.

20. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and this matter is properly removable pursuant to 28 U.S.C. § 1441(a) and (b).

21. Even if the Boxes and the Estate had not pled an express claim founded on ERISA, the doctrine of "complete preemption" would convert their state law claims to a claim arising under federal law because ERISA governs the resolution of their claims relating to the GE Plan. 29 U.S.C. § 1144(a); 29 U.S.C. § 1132(a)(1)(B); *Taylor*, 481 U.S. at 66; *Pilot Life*, 481 U.S. at 46.

22. The doctrine of "conflict preemption" preempts any state law that conflicts with ERISA. *See, e.g., New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658 (1995); *Pilot Life*, 481 U.S. at 54; *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 466 (10th Cir. 1992).

23. Federal question jurisdiction arises because the claims of the Boxes and the Estate against MetLife, GE, and the GE Plans relate to an employee welfare benefit plan, and, thus, ERISA preempts the state law claims.

24. This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction provision), and 29 U.S.C. §1132(e) (ERISA jurisdiction provision).

25. The claims of the Boxes and the Estate against the other defendants in this action are separate and independent from the ERISA claim against MetLife, GE, and the GE Plans relating to the GE Plans because the Boxes and the Estate have alleged claims relating to the other defendants that are distinct from whether or not MetLife, GE, or the GE Plans had an obligation under ERISA to pay any life insurance or pension benefits to the Boxes or the Estate.

26. A separate claim or cause of action for purposes of 28 U.S.C. §1441(c) is determined by the existence of separate alleged legal wrongs to a plaintiff. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 13-14 (1950).

27. In this case, the claims of the Boxes and the Estate against MetLife, GE, and the GE Plans under ERISA are separate and distinct from their claims for relief against the other defendants.

28. Since the ERISA-governed claims of the Boxes and the Estate against MetLife, GE, and the GE Plans are separate and independent from the claims against the other defendants, MetLife, GE, and the GE Plans are entitled to remove this action to federal court pursuant to 28 U.S.C. § 1441(c) with or without the consent or

participation of the other defendants.  *See*, *e.g.*, *Riggs v. Plaid Pantries, Inc.,* 233 F. Supp. 2d 1260, 1266-67 (D. Or. 2001).

29.     Moreover, the other defendants have not yet entered an appearance in this case, and MetLife, GE, and the GE Plans do not have any contact information regarding their counsel.

30.     Accordingly, MetLife , GE, and the GE Plans have not sought or obtained the consent of the other defendants to the removal of this case because of the separate and independent nature of the ERISA-governed claim against MetLife, GE, and the GE Plans.

31.     With respect to the claims of the Boxes and the Estate against the other defendants, the Court can determine such claims in this action under either supplemental jurisdiction or remand those claims to state court.  *See* 28 U.S.C. § 1367; 28 U.S.C. § 1441(c).

32.     As a civil action founded on a claim or right arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

33.     The state court in which this action was commenced is within this Court's district, and therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441(a) and 1446.

34.     MetLife, GE, and the GE Plans will serve and certify service of copies of this Notice of Removal to the Boxes and the Estate as required by 28 U.S.C. § 1446(d) and also will serve copies of this Notice of Removal on the other defendants.

35.     MetLife, GE, and the GE Plans will file a copy of this notice of removal with the Clerk of the Second Judicial District Court of Bernalillo County, pursuant to 28 U.S.C. § 1446(d).

THEREFORE, defendants Metropolitan Life Insurance Company, General Electric Company, the General Electric Pension Trust, and the GE Savings and Security Program, which has been incorrectly named as "General Electric Savings & Security" request that the above-referenced action pending against it in the Second Judicial District Court, For Bernalillo County, New Mexico be removed to this Court, and request that this Court enter such further orders as may be necessary and proper.

DATED this 7th day of June, 2011.

Respectfully submitted,

**HOLLAND & HART LLP**

*/s/ Kristina Martinez*
Kristina Martinez
Post Office Box 2208
Santa Fe, New Mexico  87504-2208
Phone (505) 988-4421
Fax (505) 983-6043
kemartinez@hollandhart.com

- and -

        Jack M. Englert, Jr.
        6380 S. Fiddler's Green Circle, Suite 500
        Greenwood Village, CO 80111
        Phone (303) 290-1087
        Fax (303) 290-1606
        jenglert@hollandhart.com

**ATTORNEYS FOR DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY, GENERAL ELECTRIC COMPANY, GENERAL ELECTRIC PENSION TRUST, AND GENERAL ELECTRIC SAVINGS AND SECURITY PROGRAM**

### CERTIFICATE OF SERVICE

I certify that on June 7, 2011, I served a copy of the foregoing document to the following via U.S. Mail, postage prepaid to:

Peter Everett IV, Esq.
9300 Fourth St. NW
Albuquerque, NM  87114
(505) 899-4343

**Attorney for Plaintiff**

Kristen Shopshear
17900 N. Laurel Park Dr.
Livonia, MI 48152-3992
1-800-684-4222

**Defendant AAA Life Insurance**

Katherine Torres
New Mexico Department of Health
190 S. St. Francis Drive
Santa Fe, NM 87501
(505) 827-2613

Sidonie Squier
New Mexico Department of Health
1190 S. St. Francis Drive
Santa Fe, NM 87501
(505) 827-2613

**Defendant New Mexico Department of Health**

Paul B. Roth
School of Medicine
University of New Mexico
Albuquerque, NM 87131
(505) 277-0111

David J. Schmidly
Office of the President
MSC05 3300
Scholes Hall Suite 144
1 University of New Mexico
Albuquerque, NM 87131
(505) 277-2626

**Defendant University of New Mexico**

Ross E. Zumault, M.D.
New Mexico Office of the Medical Investigator
1101 Camino de Salud, NE
Albuquerque, NM 87102
(505) 827-3700

**Defendant Office of Medical Investigator**

Bruce Castle
Peters & Associates PA
3915 Carlisle Blvd., NM
Albuquerque, NM 87107-4503
(505) 272-3053

**Defendants Michael A. Peters and Peters & Associates, PA**

                                        */s/ Kristina Martinez*

5117690_1.DOC