**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THE ESTATE OF KATHERINE J. GONZALES, SCOTT BOX, individually and as Personal Representative, and RUSSELL BOX, children of Katherine J. Gonzales,

Plaintiffs,

vs. No. CIV 11-0486 JB/WDS

AAA LIFE INSURANCE COMPANY, a subsidiary of AAA AUTO CLUB, GENERAL ELECTRIC COMPANY, GENERAL ELECTRIC PENSION TRUST, METROPOLITAN LIFE INSURANCE (Plan Administrator; ERISA), NEW MEXICO DEPARTMENT OF HEALTH, UNIVERSITY OF NEW MEXICO, OFFICE OF MEDICAL INVESTIGATOR, and MICHAEL A. PETERS, attorney, individually and PETERS & ASSOCIATES, PA,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Motion for Sanctions Against Plaintiffs, filed December 1, 2011 (Doc. 38)("Motion for Sanctions"); and (ii) the Plaintiffs' Motion to Strike Defendants' UNM and OMI's Motion for Sanctions, filed December 20, 2011 (Doc. 44)("Motion to Strike"). The Court held a hearing on January 24, 2012. The primary issues are: (i) whether the Court should impose sanctions on the Plaintiffs for continuing to prosecute this case in state court after the case had been removed to federal court; and (ii) whether the Court should strike the Motion for Sanctions. The Court will deny the Motion for Sanctions. Rule 11 of the Federal Rules of Civil Procedure does not apply to pleadings or papers filed in state court. Even if rule 11 applies to pleadings or papers filed in state court, Defendants University of New Mexico and the Office of the

Medical Investigator (the "University Defendants") did not comply with the safe-harbor provisions in rule 11(c). Additionally, while the Court acknowledges that the Plaintiffs improperly continued to prosecute this case in state court following removal to federal court, the complex procedural posture of this case counsels against a finding that the Plaintiffs violated federal rule 11 or rule 1-011 of the New Mexico Rules of Civil Procedure for District Courts. The Court will also deny the Plaintiffs' request for sanctions, because they did not comply with the safe-harbor provisions in rule 11(c) and because the Defendants properly called to the Court's attention that the Plaintiffs were continuing to litigate the case in state court. Because the Court will deny the Motion for Sanctions, and because the Court does not typically strike motions, the Court will deny the Motion to Strike.

**PROCEDURAL BACKGROUND**

On May 5, 2011, the Plaintiffs filed their Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico. See Doc. 1-1 ("Complaint"). On June 7, 2011, the Defendants filed their Notice of Removal. See Doc. 1. On June 30, 2011, the Plaintiffs filed their Motion to Remand and Objection to the Removal seeking remand of this case to state court. See Doc. 15 ("Plaintiffs' Motion to Remand"). The Plaintiffs asserted that remand of the case was appropriate, because Count VI in the Complaint asserting a cause of action under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-453 ("ERISA"), is an "alternative count." Plaintiffs' Motion to Remand at 2. The Plaintiffs argued that both the state court and this Court have concurrent jurisdiction over the case even after removal. See Plaintiffs' Motion to Remand at 1-2. On July 15, 2011, the University Defendants filed their Motion to Remand. See Doc. 22 ("University Defendants' Motion to Remand"). The University Defendants asserted that remand was proper, because the Court does not have authority under New Mexico law to issue mandamus remedies against state agencies. See University Defendants' Motion to Remand at 1-2.

On August 4, 2011, the Plaintiffs and the University Defendants filed a joint Motion to Remand, seeking remand of the claims asserted against the University Defendants to state court without stating a specific basis for remand. See Doc. 26 ("Joint Motion to Remand"). The Court never entered an order granting the Joint Motion to Remand.

On December 1, 2011, the University Defendants filed their Motion for Sanctions. See Doc. 38. They assert that, even though the Defendants have properly removed this case, the "Plaintiffs filed a groundless Motion for Default Judgment against all defendants in the Second Judicial District Court on November 10, 2011." Motion for Sanctions at 1-2. The University Defendants contend that the state court has been divested of jurisdiction and that the Plaintiffs, therefore, should never have filed the motion for default judgment in state court. See Motion for Sanctions at 2-3. The University Defendants request sanctions under rule 11 to cover the fees and costs they incurred in having to respond to the motion for default judgment. See Motion for Sanctions at 3-4. Attached to the Motion for Sanctions is an electronic mail transmission where the University Defendants, on November 29, 2011, request that the Plaintiffs withdraw the motion for default judgment in state court and that they may face rule 11 sanctions if they do not do so. See Electronic Mail Transmission from Courtenay Keller to Sara Everett and Peter Everett at 1-2 (dated November 29, 2011), filed December 1, 2011 (Doc. 38-1)("Email").

On December 20, 2011, the Plaintiffs filed their Response to Defendants University of New Mexico and Office of the Medical Investigator's Motion for Sanctions Against Plaintiffs. See Doc. 43 ("Response to Motion for Sanctions"). The Plaintiffs acknowledge that they filed a motion for default judgment in state court. See Response to Motion for Sanctions at 2. They assert that there are valid grounds for the motion for default judgment based on concurrent state and federal court jurisdiction. See Response to Motion for Sanctions at 2. The Plaintiffs request an award of

attorney's fees for having to file a response to the Motion for Sanctions. See Response to Motion for Sanctions at 3.

On December 20, 2011, the Plaintiffs filed their Motion to Strike. See Doc. 44. The Plaintiffs assert that the Court "has no power to take action on activity in the State Court." Motion to Strike at 2. The Plaintiffs reiterate their argument that state courts and federal courts have concurrent jurisdiction over the claims in this case. See Motion to Strike at 2. The Plaintiffs argue that the University Defendants still had an obligation to file an answer in state court following removal. See Motion to Strike at 2. The Plaintiffs contend that the Motion for Sanctions "is improvident as there has been an order signed by the Plaintiffs and UNM and OMI to remand the case back to State Court." See Motion to Strike at 3. The Plaintiffs comment that "[i]t is unknown why the Order has not been signed." Motion to Strike at 3. The Plaintiffs ask the Court to strike the Motion for Sanctions. See Motion to Strike at 4.

On January 3, 2012, the University Defendants filed their Response to Motion to Strike UNM and OMI's Motion for Sanctions. See Doc. 46 ("Response to Motion to Strike"). They assert that the "Plaintiffs fail to state any grounds that would warrant the striking of" the Motion for Sanctions. Response to Motion for Strike at 1. The University Defendants contend that the Plaintiffs "fail to recognize" that their arguments "do not override the divestiture of the Second Judicial District Court's jurisdiction due to the timely removal of this action." Response to Motion to Strike at 1-2. The University Defendants argue that they have no obligation to file an answer in state court and that the Court may properly award sanctions for conduct occurring in state court in removed cases when the wrongful conduct occurs after removal. See Response to Motion to Strike at 3 (quoting Griffen v. City of Okla. City, 3 F.3d 336, 339 (10th Cir. 1993)). The University Defendants also request sanctions under rule 1-011 of the New Mexico Rules of Civil Procedure for

District Courts. See Response to Motion to Strike at 4. On January 3, 2012, the University Defendants filed their Defendant University of New Mexico and Defendant Office of Medical Investigator's Reply to Response to Motion for Sanctions Against the Plaintiffs. See Doc. 47.

At the hearing on January 24, 2012, the Court asked the parties whether it had authority to remand part of a case, rather than the entire case, to state court. See Transcript of Hearing at 4:18-5:2 (taken January 24, 2012)(Court)("Tr.").[1] Reading a portion of Wisconsin Department of Corrections v. Schacht, 524 U.S. 381 (1998), the Court stated that it believed it has authority to remand a portion of the case over which it does not have jurisdiction as opposed to having the authority only to remand the entire case. See Tr. at 5:2-6:19 (Court). The Court also stated that, based on its prior opinion in Clayton v. Pioneer Bank, No. 07-0680, 2008 WL 5787472 (D.N.M. Dec. 31, 2008)(Browning, J.), it did not agree with the University Defendants' argument that the New Mexico Legislature has the authority to prevent a federal court from awarding certain remedies that a New Mexico state court may award. See Tr. at 7:5-8:14 (Court). When discussing the Motion for Sanctions, the Court also noted that, to the extent that improper conduct occurred, there was no compliance with rule 11's safe-harbor requirements and the alleged misconduct occurred in state court. See Tr. at 8:18-24 (Court). The Court also stated that it sees no reason to strike motions and that it was inclined to deny the Motion to Strike. See Tr. at 8:18-24 (Court).

The Plaintiffs argued that the case can continue to proceed in state court, because state courts have concurrent jurisdiction over federal claims with federal courts. See Tr. at 14:7-11, 14:20-23 (Everett). The Court responded that the Plaintiffs have asserted an ERISA claim in their Complaint, which establishes federal-question jurisdiction. See Tr. at 15:8-11, 15:22-16:3 (Court). The Court

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

stated that it would be surprised if the state court judge was moving forward on the case in state court when the case has been removed to federal court. See Tr. at 17:12-14 (Court). After the University Defendants noted that, even after a partial remand, there may still be claims remaining in federal court against them, the University Defendants stated that they may prefer to remain in federal court and that they may wish to withdraw their motions to remand. See Tr. at 20:11-27:01 (Keller, Court). The Court stated that it would give the University Defendants some time to think over their proposal before it would consider them bound by their suggestion. See Tr. at 27:2-10 (Court). The Plaintiffs also discussed withdrawing their motion to remand. See Tr. at 32:10-12 (Court). The University Defendants asserted that the Plaintiffs had full awareness that this case had been removed but continued to litigate the case in state court. See Tr. at 37:11-18 (Alderete). They noted that they had to defend against a motion for default judgment in state court. See Tr. at 27:19-22 (Court, Alderete). They argued that the motion for default judgment was baseless, because the case was still pending in federal court. See Tr. at 37:25-38:5 (Alderete). The University Defendants also noted that they filed the Motion for Sanctions in federal court, because the state court has no jurisdiction over this case. See Tr. at 38:6-15 (Alderete). The University Defendants asserted that the Plaintiffs' conduct is sanctionable even though it occurred in state court. See Tr. at 39:18-40:5 (Alderete). The Court explained that it had not entered the parties' agreed order on the Joint Motion to Remand, because it had concerns about remanding a portion of the case as opposed to the entire case. See Tr. at 40:17-41:2 (Court).

Since the January 24, 2012 hearing, the parties have withdrawn their motions to remand. See Notice of Withdrawal of Defendant Department of Health's Motion to Remand at 1, filed February 6, 2012 (Doc. 55); Letter from Courtenay L. Keller to the Court at 1 (dated February 6, 2012), filed February 6, 2012 (Doc. 56); Letter from Peter Everett IV to the Court at 1 (dated February 7, 2012),

filed February 7, 2012 (Doc. 57).

## STANDARD FOR ISSUING SANCTIONS UNDER RULE 11

Rule 11 of the Federal Rules of Civil Procedure provides in relevant part:

(b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) **Sanctions.**

(1) **In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) **Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's

fees, incurred for the motion.

. . . .

(6) **Requirements for an Order.** An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11. "If after reasonable inquiry, a competent attorney could not form a reasonable belief that [a] pleading is well grounded in fact and is warranted by existing law . . . then such conduct is sanctionable under Rule 11." Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988) (internal quotation marks omitted). "The main purpose behind rule 11 sanctions is misconduct deterrence not defense compensation." Duprey v. Twelfth Judicial Dist. Court, No. 08-0756, 2009 WL 2424618, at *8 (D.N.M. July 14, 2009)(Browning, J.)(citing Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994)). Accord Fed. R. Civ. P. 11(c)(4). Sanctions are not warranted where there is a minor or tangential misrepresentation. See Carona v. Falcon Servs. Co., Inc., 72 F.Supp.2d 731, 733 (S.D. Tex. 1999). If, considering the "totality of the circumstances," the court finds that the misrepresentation is an honest mistake, sanctions are not warranted. Carona v. Falcon Servs. Co., Inc., 72 F.Supp.2d at 733.

The Supreme Court of the United States has held that rule 11 does not apply "for any activities outside the context of district court proceedings," including "appellate proceedings." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406 (1990)("We believe Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, those at the trial level."). The United States Court of Appeals for the Tenth Circuit has recognized that rule 11 does not apply to pleadings or papers filed in state court before removal:

> A pleading or paper is signed in violation of Rule 11 only if the signer is subject to the Federal Rules of Civil Procedure at the time of the signing.

> At the time a state court pleading is signed, the signer is not subject to the Federal Rules of Civil Procedure. Accordingly, a pleading signed in a state court proceeding cannot be signed in violation of Rule 11, and a federal court may not impose Rule 11 sanctions against a signer of a paper filed in state court based solely on that paper's frivolousness.
>
> That the case is later removed to federal court does not change this result. A "violation of Rule 11 is complete when the paper is filed." Although the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts," they only apply "after removal." "By obvious implication, the rules, including Rule 11, do not apply to the filing of pleadings or motions prior to removal."

Griffen v. City of Okla. City, 3 F.3d at 339 (emphasis in original)(citations omitted). The Tenth Circuit has recognized, however, that a federal court may impose sanctions under a state rule of procedure or state statute for conduct that occurred in state court before removal:

> The City argues that, even if Rule 11 does not apply to Plaintiffs' original complaint, the court abused its discretion in concluding that the complaint did not violate Okla. Stat. Ann. tit. 12, § 2011 (West 1993). The district court denied the City's motion for sanctions finding that "Plaintiffs' counsel did not violate [§ 2011] in filing the Petition in this matter."
>
> Section 2011 is Oklahoma's counterpart to Rule 11. The district court and both parties assume the federal district court has the authority to impose sanctions under § 2011, which governs the imposition of sanctions for misuse of Oklahoma state courts. Because we have found no authority to the contrary, and because we see no compelling reason why the district court lacks such authority, we agree.

Griffen v. City of Okla. City, 3 F.3d at 340-41 (footnote omitted).

## LAW REGARDING NEW MEXICO RULE 1-011

Rule 1-011 of the New Mexico Rules of Civil Procedure for District Court provides:

> **A. Signing of Pleadings, Motions, and Other Papers; Sanctions.** Every pleading, motion and other paper of a party represented by an attorney, shall be signed by at least one attorney of record in the attorney's individual name, whose address and telephone number shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion or other paper and state the party's address and telephone number. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's

> knowledge, information and belief there is good ground to support it; and that it is not interposed for delay. If a pleading, motion or other paper is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading or other paper had not been served. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. For a willful violation of this rule an attorney or party may be subjected to appropriate disciplinary or other action. Similar action may be taken if scandalous or indecent matter is inserted. A "signature" means an original signature, a copy of an original signature, a computer generated signature or any other signature otherwise authorized by law.

N.M.R.A. 1-011. This rule "was designed to encourage honesty in the bar when bringing and defending actions [and] ought to be employed only in those rare cases in which an attorney deliberately presses an unfounded claim or defense." Rivera v. Brazos Lodge Corp., 111 N.M. 670, 674, 808 P.2d 955, 959 (1991). "[U]nlike the federal rule [11] that was amended in 1983 to provide an objective inquiry, [New Mexico's rule 1-011] creates a less stringent standard of subjective good faith, requiring inquiry into the subjective 'knowledge, information and belief' surrounding the filing." Rivera v. Brazos Lodge Corp., 111 N.M. at 674, 808 P.2d at 959. "Good ground simply cannot exist as to any alleged proposition known to be false at the time of the filing." Rivera v. Brazos Lodge Corp., 111 N.M. at 675, 808 P.2d at 960.

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

> (f) **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted). Accord Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)(Miles-LaGrange, J.)(citing Scherer v. U.S. Dep't of Educ., 78 F.App'x 687, 689 (10th Cir. 2003))("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court."). "Striking a pleading or part of a pleading is a 'drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.'" Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(Egan, J.)(quoting Burget v. Capital W. Sec., Inc., 2009 WL 4807619, *1). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5 (quoting Bd. of Cnty. Comm'rs of the Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc., No. 08-CV-00855-LTB, 2009 WL 2514094, at *2 (D. Colo. Aug. 14, 2009)(Babcock, J.)). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F.Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-

Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted).

Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C C. Wright & A. Miller, supra § 1382 (footnotes omitted). Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Daniel, J.). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

**ANALYSIS**

The Court will deny the Motion for Sanctions. Rule 11 does not apply to pleadings or papers filed in state court. Even if rule 11 applies to pleadings or papers filed in state court, the University Defendants did not comply with rule 11(c)'s safe-harbor provisions. Additionally, while the Court acknowledges that the Plaintiffs improperly continued to prosecute this case in state court following

removal to federal court, the complex procedural posture of this case counsels against a finding that the Plaintiffs violated federal rule 11 or rule 1-011 of the New Mexico Rules of Civil Procedure for District Courts. The Court will also deny the Plaintiffs' request for sanctions, because they did not comply with the safe-harbor provisions in rule 11(c) and because the Defendants properly called to the Court's attention that the Plaintiffs were continuing to litigate the case in state court. Because the Court will deny the Motion for Sanctions, and because the Court does not typically strike motions, the Court will deny the Motion to Strike.

## I. RULE 11 DOES NOT APPLY TO PLEADINGS AND PAPERS FILED IN STATE COURT.

The Supreme Court has held that rule 11 does not apply "for any activities outside the context of district court proceedings," including "appellate proceedings." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406 (1990)("We believe Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, those at the trial level."). The Tenth Circuit has recognized that rule 11 does not apply to pleadings or papers filed in state court before removal:

> A pleading or paper is signed in violation of Rule 11 only if the signer is subject to the Federal Rules of Civil Procedure at the time of the signing.
>
> At the time a state court pleading is signed, the signer is not subject to the Federal Rules of Civil Procedure. Accordingly, a pleading signed in a state court proceeding cannot be signed in violation of Rule 11, and a federal court may not impose Rule 11 sanctions against a signer of a paper filed in state court based solely on that paper's frivolousness.
>
> That the case is later removed to federal court does not change this result. A "violation of Rule 11 is complete when the paper is filed." Although the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts," they only apply "after removal." "By obvious implication, the rules, including Rule 11, do not apply to the filing of pleadings or motions prior to removal."

Griffen v. City of Okla. City, 3 F.3d at 339 (emphasis in original)(citations omitted). While the Tenth Circuit has not expressly addressed the question whether pleadings or papers filed in state court after removal are subject to rule 11, it has stated that "no sanctions can be imposed under rule 11 in an action that is removed to federal court, unless a party files sanctionable papers in federal court." Griffen v. City of Okla. City, 3 F.3d at 340.

The University Defendants have directed the Court to no authority, and the Court has found no authority, supporting the proposition that pleadings filed in state court may serve as a basis for rule 11 sanctions. The Tenth Circuit may not have expressly decided whether a federal court can impose sanctions under rule 11 for conduct that occurs in state court after removal, but the Court is hesitant to extend rule 11 to pleadings filed in state court after removal when the Tenth Circuit has stated that "no sanctions can be imposed under rule 11 in an action that is removed to federal court, unless a party files sanctionable papers in federal court." Griffen v. City of Okla. City, 3 F.3d at 340. The Supreme Court has also expressed a reluctance to extend rule 11 beyond district court proceedings by stating that rule 11 does not apply "for any activities outside the context of district court proceedings," including "appellate proceedings." Cooter & Gell v. Hartmarx Corp., 496 U.S. at 406. Rule 11(b) is titled "Representations to the Court." Fed. R. Civ. P. 11(b) (emphasis added). It does not refer to courts generally, but to the federal district court. The title or caption of a statute or section can aid in resolving an ambiguity in a statute. See Whitman v. Am. Trucking Ass'ns, 531 U.S. 457, 482–83 (2001). The language of rule 11(b) also refers to "presenting to the court a pleading, written motion, or by other paper," rather than presenting to some other forum an improper pleading or paper. Fed. R. Civ. P. 11(b) (emphasis added). The rule 11 violation is complete when the pleading or paper is filed in federal court, so it does not occur when the case is removed and the pleading or paper is filed elsewhere. As the Supreme Court has recognized: "Statutory construction

must begin with the language employed by [the writer] and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985).[2]

While this result may seem unfair to a defendant trying to prevent a plaintiff from continuing to litigate a case in state court, the Tenth Circuit has recognized that a party may rely on state rules and state statutes in federal court as a basis for requesting a federal district court to impose sanctions on conduct that occurs in state court:

> Section 2011 is Oklahoma's counterpart to Rule 11. The district court and both parties assume the federal district court has the authority to impose sanctions under § 2011, which governs the imposition of sanctions for misuse of Oklahoma state courts. Because we have found no authority to the contrary, and because we see no compelling reason why the district court lacks such authority, we agree.

Griffen v. City of Okla. City, 3 F.3d at 340-41 (footnote omitted). The University Defendants have also argued that sanctions are appropriate under rule 1-011(A) of the New Mexico Rules of Civil Procedure for District Courts. See Response to Motion to Strike at 4. The University Defendants have not moved for sanctions under any other federal statute. Thus, the Court will deny the Motion for Sanctions to the extent it requests the imposition of sanctions under rule 11.

## II. NEITHER FEDERAL RULE 11 OR NEW MEXICO RULE 1-011 WARRANT THE IMPOSITION OF SANCTIONS.

To the extent rule 11 serves as a basis for the imposition of sanctions regarding conduct in which the Plaintiffs engaged in state court, the Court does not believe that sanctions are appropriate

---

[2] "The rules of statutory construction apply to the Federal Rules . . . ." In re Kubler, No. 11-0048, 2012 WL 394680, at *11 (D.N.M. Jan. 25, 2012)(Browning, J.). Accord Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)(applying the expressio unius est exclusio alterius canon when interpreting rule 9(b) of the Federal Rules of Civil Procedure); Hillis v. Heineman, 626 F.3d 1014, 1017-18 (9th Cir. 2010)("This same principle of statutory construction applies to interpreting the Federal Rules of Civil Procedure.").

under rule 11. First, the Plaintiffs have not complied with the safe-harbor provisions in rule 11(c). Second, while the Court acknowledges that the Plaintiffs improperly continued to prosecute this case in state court following removal to federal court, the complex procedural posture of this case counsels against a finding that the Plaintiffs violated federal rule 11 or New Mexico rule 1-011.

**A. THE UNIVERSITY DEFENDANTS DID NOT COMPLY WITH RULE 11'S SAFE-HARBOR REQUIREMENTS.**

Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The University Defendants have not provided any evidence to the Court that they served their Motion for Sanctions under rule 5 to the Plaintiffs twenty-one days before filing the motion as required by rule 11(c)(2). Attached to the Motion for Sanctions was the electronic mail transmission that the University Defendants sent to the Plaintiffs, dated November 29, 2011, requesting them to withdraw the motion for default judgment and warning them that their conduct might result in a motion for sanctions. See Email at 1-2. The message does not, however, satisfy rule 11's safe-harbor requirements. First, there is no indication that the University Defendants served a copy of the Motion for Sanctions on the Plaintiffs. Second, given that the University Defendants filed the Motion for Sanctions on December 1, 2011, see Doc. 38, they have not complied with the twenty-one day requirement contained in rule 11(c)(2). They waited only two days before filing the Motion for Sanctions after contacting the Plaintiffs. Thus, to the extent that rule 11 applies, the Court will deny the Motion for Sanctions on these bases.

**B. THE PLAINTIFFS DID NOT VIOLATE FEDERAL RULE 11 OR STATE RULE 1-011.**

The unique procedural posture of this case counsels against a finding that the Plaintiffs made a frivolous filing in state court or otherwise violated rule 11(b). The Court notes that, at the time of filing the Motion for Sanctions, there were several different remand motions pending, including the Plaintiffs' Motion to Remand, see Doc. 15, and the University Defendants' Motion to Remand, see Doc. 22. Notably, there was also a Joint Motion to Remand, see Doc. 26, in which the Plaintiffs and the University Defendants had stipulated to remand of the claims asserted against the University Defendants. While the Plaintiffs should not have been filing anything in state court following removal, the Plaintiffs had some basis for believing that at least some of the case and some of the parties would be back in state court soon.

28 U.S.C. § 1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d) (emphasis added). In 1882, the Supreme Court recognized the basic principle that removal divests a state court of jurisdiction:

> The only remaining question which need be considered is whether the jurisdiction of the state court was, in any form, restored, after the company filed its petition and bond for removal. The defendant in error insists that it was. The petition was accompanied by a bond which, it is conceded, conformed to the statute, and was ample as to security. Upon the filing, therefore, of the petition and bond, -- the suit being removable under the statute, -- the jurisdiction of the state court absolutely ceased, and that of the circuit court of the United States immediately attached. The duty of the state court was to proceed no further in the cause. Every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored.

Nat'l S.S. Co. v. Tugman, 106 U.S. 118, 122 (1882). The United States Court of Appeals for the

Fourth Circuit has similarly recognized: "[W]ithout a remand order, the state court lack[s] jurisdiction, because removal deprives a state court of jurisdiction and requires the state court to cease all actions in the case." Bryan v. BellSouth Commc'ns, Inc., 492 F.3d 231, 240 (4th Cir. 2007).

While the Plaintiffs' motion in state court lacks some legal elegance, the Plaintiffs had a reasonable basis to believe that the state court litigation would be resuming soon. As the Plaintiffs have indicated, there was some confusion why the Court did not remand the part of the case involving the claims between the Plaintiffs and the University Defendants given that those parties had agreed to remanding that portion of the case in the Joint Motion to Remand. See Motion to Strike at 3 ("Substantively the motion is improvident as there has been an order signed by the Plaintiffs and UNM and OMI to remand the case back to State Court. It is unknown why the Order has not been signed."). At the January 24, 2012 hearing, the Court acknowledged that it was responsible for the delay in deciding the Joint Motion to Remand, because the Court was hesitant to approve the Joint Motion to Remand. See Tr. at 40:17-41:2 (Court). Thus, given the unopposed motion to remand, the Plaintiffs had some basis to assume that the case was about to imminently proceed in state court. While the Plaintiffs were misguided about the appropriateness of filing a motion for default judgment in state court given that the case was still pending in federal court, the Court does not believe that they acted frivolously in light of the case's unique procedural posture. They thought that the case would be proceeding in state court. Second, given that they expected the case to proceed in state court, the Court cannot say that they presented that motion for default judgment for an improper purpose. Third, in light of these circumstances, the Plaintiffs do not appear to have otherwise violated rule 11 when they filed the motion for default judgment.

New Mexico rule 1-011 imposes a less stringent standard than federal rule 11, requiring that

there be only subjective good faith as to the filing. "[U]nlike the federal rule [11] that was amended in 1983 to provide an objective inquiry, [New Mexico's rule 1-011] creates a less stringent standard of subjective good faith, requiring inquiry into the subjective 'knowledge, information and belief' surrounding the filing." Rivera v. Brazos Lodge Corp., 111 N.M. at 674, 808 P.2d at 959. The Court believes, particularly given the complex procedural posture of the case, that the Plaintiffs acted with subjective good faith -- a less stringent standard than that defined in federal rule 11. While the Plaintiffs were wrong that the federal and state courts have concurrent jurisdiction over a case once it has been removed, the Court believes that they subjectively believed that legal proposition. See Motion to Strike at 3 (relying on Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280 (2005), for the proposition that state and federal courts have concurrent jurisdiction over various matters). There have been no requests for an award of sanctions under any other rule or statute. Thus, the Court will deny the Motion for Sanctions.

## III. THE COURT WILL NOT IMPOSE SANCTIONS ON THE UNIVERSITY DEFENDANTS.

In the Response to Motion for Sanctions, the Plaintiffs request an award of attorney's fees for having to file a response to the Motion for Sanctions. See Response to Motion for Sanctions at 3. The Plaintiffs do not cite rule 11 or a specific statute as a basis for sanctions. When a case has been removed to federal court, the Federal Rules of Civil Procedure apply. See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). The University Defendants filed the Motion for Sanctions in federal court, so there is no basis for applying New Mexico rule 1-011 -- which applies to conduct that occurs in state court. See Griffen v. City of Okla City, 3 F.3d at 340-41.

The Court will deny this request for sanctions. First, much like the University Defendants,

the Plaintiffs have not complied with rule 11's safe-harbor provisions. Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). There is no indication that the Plaintiffs complied with those procedures. They did not make their "motion for sanctions . . . separately from any other motion," in fact filing their request for sanctions in the Response to Motion for Sanctions. Fed. R. Civ. P. 11(c)(2). There is no indication they served that request on the University Defendants twenty-one days before filing their Response to Motion for Sanctions.

Second, as the Court has already discussed, the University Defendants were correct that the Plaintiffs should not have pursued the motion for default judgment in state court. Once the Defendants had removed this case, the state court had no jurisdiction to rule on that motion for default judgment until the Court had remanded part or all of the case to state court. See 28 U.S.C. § 1446(d) ("[A]nd the State court shall proceed no further unless and until the case is remanded."); Nat'l S.S. Co. v. Tugman, 106 U.S. at 122. While the Court does not conclude that sanctions against the Plaintiffs are warranted, the University Defendants properly called this situation to the Court's attention. Thus, the Court will deny the Plaintiffs' request for sanctions.

## IV. **THE COURT WILL DENY THE MOTION TO STRIKE.**

Because the Court has denied the Motion for Sanctions, the Motion to Strike is now effectively moot. The Motion to Strike largely argues that the Motion for Sanctions is improper -- matters which could have been more properly raised in a response to that motion. The Court has already denied the Motion for Sanctions. Additionally, the Court does not typically strike motions.

See Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp., No. 11-0103, 2012 WL 1132527, at *18 (D.N.M. Mar. 22, 2012)(Browning, J.)("Moreover, because under the Federal Rules of Civil Procedure, motions to strike are generally reserved for pleadings rather than motions and briefs, the Court is reluctant to strike the briefs."). Moreover, "[s]triking a pleading or part of a pleading is a 'drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.'" Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5. "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5. "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F.Supp. at 1343. The Court does not believe that those standards are met here. After all, the Plaintiffs should not have been filing anything in state court, which had no jurisdiction over the case. Thus, the Court will deny the Motion to Strike.

**IT IS ORDERED** that: (i) the Motion for Sanctions Against Plaintiffs, filed December 1, 2011 (Doc. 38), is denied; and (ii) the Plaintiffs' Motion to Strike Defendants' UNM and OMI's Motion for Sanctions, filed December 20, 2011 (Doc. 44), is denied. The Court will also deny the request for sanctions contained in the Plaintiffs' Response to Defendants University of New Mexico and Office of the Medical Investigator's Motion for Sanctions Against Plaintiffs, filed December 20, 2011 (Doc. 43).

UNITED STATES DISTRICT JUDGE

*Counsel:*

Peter Everett, IV
Everett Law
Albuquerque, New Mexico

*Attorney for the Plaintiffs*

P. Scott Eaton
Eaton Law Office, P.C.
Albuquerque, New Mexico

*Attorney for AAA Life Insurance Company*

Larry J. Montano
Holland & Hart, LLP
Santa Fe, New Mexico

--*and*--

Jack M. Englert, Jr.
Holland & Hart, LLP
Greenwood Village, Colorado

*Attorneys for General Electric Company, General Electric Pension Trust, General Electric Savings & Security, and Metropolitan Life Insurance Company*

Christopher D. Woodward
Office of General Counsel
New Mexico Department of Health
Santa Fe, New Mexico

*Attorney for New Mexico Department of Health*

Courtenay L. Keller
D. Chet Alderete
Riley, Shane & Keller, PA
Albuquerque, New Mexico

*Attorneys for University of New Mexico and Office of Medical Investigator*

Michael A. Peters
Albuquerque, New Mexico

*Defendant pro se*

Peters & Associates, PA
Albuquerque, New Mexico

*Defendant pro se*