IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF KATHERINE J.
GONZALES, SCOTT BOX, individually and
as Personal Representative, and RUSSELL
BOX, children of Katherine J. Gonzales,

    Plaintiffs,

v.                                                                              CIV 11-0486 KG/GBW

AAA LIFE INSURANCE COMPANY,
a subsidiary of AAA AUTO CLUB,
GENERAL ELECTRIC COMPANY
GENERAL ELECTRIC PENSION
TRUST, METROPOLITAN LIFE
INSURANCE (Plan Administrator; ERISA),
NEW MEXICO DEPARTMENT OF
HEALTH, UNIVERSITY OF NEW MEXICO,
OFFICE OF MEDICAL INVESTIGATOR, and
MICHAEL A. PETERS, attorney, individually and
PETERS & ASSOCIATES, P.A.

    Defendants.

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16. The parties conferred and submit the following Pretrial Order.

## I. APPEARANCES

Attorneys who will try this action:

    For Plaintiffs               Daymon B. Ely
                                             1228 Central Avenue S.W.
                                             Albuquerque, NM 87102
                                             (505) 248-0370

| | |
|---|---|
| For Defendant AAA Life Insurance Company | P. Scott Eaton, Esq., Eaton Law Office, P.C., P.O. Box 25305 Albuquerque, NM 87125-5305 *Attorney for AAA Life Insurance Company* |

## II. JURISDICTION AND RELIEF SOUGHT

**A.** **Subject Matter Jurisdiction.**

    **1.** **Was this action removed or transferred from another forum?** _X_ Yes _ No

    If yes, was the action removed or transferred?

    __**X**__ Removed      _____ Transferred _____ Original forum

    **2.** **Is subject matter jurisdiction of this Court contested?**

    __**X**__ Uncontested      _____ Contested _____ Party contesting

    **3.** **Asserted basis for jurisdiction.**

    __**X**__ Federal Question _____ Diversity _____ Other

    Statutory Provision(s) Invoked: _____

**B.** **Personal Jurisdiction and Venue.**

    **1.** **Is personal jurisdiction contested?**

    __**X**__ Uncontested _____ Contested

    Identify the party contesting personal jurisdiction and basis for objection:

    _____

    **2.** **Is venue contested?**

    __**X**__ Uncontested _____ Contested _____ Party Contesting

    Identify the party contesting personal jurisdiction and basis for objection:

**C.** **Are the proper parties before the Court?**

    __**X**__ Uncontested _____ Contested

If contested, identify each missing party or improper party and the basis for contention:

_____

**D.     Identify the affirmative relief sought in this action.**

1.     Plaintiffs seek:  The funds from the life insurance proceeds.

2.     Defendant seeks:  Defendant AAA Life does not seek affirmative relief other than dismissal of the claims.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.     Plaintiffs' claims:**  Plaintiff's mother, Katherine Gonzales, was shot by her husband, Wayne Gonzales, the insured, who then killed himself.  Katherine died from her injuries.  Defendant, in violation of its own policy and the law, failed to pay the money to the mother's estate.

**B.     Defendant AAA Life's defenses:**  AAA Life Insurance received notice of a claim for benefits under a life insurance policy issued on the life of Wayne Gonzales.  In accordance with its policies and procedures, AAA Life properly investigated and obtained a certified copy of death certificates from the New Mexico Office of the Medical Investigator and a police report from the Albuquerque Police Department, all of which stated that Katherine Gonzales had died before Wayne Gonzales.  Under the terms of the insurance policy, when the primary beneficiary, Katherine Gonzales, did not survive the insured, benefits were payable to the contingent beneficiary, Carl Gonzales.  No competing interests or claims were made known to AAA Life until about 21 months after AAA Life paid the policy benefits to the contingent beneficiary.

AAA Life was obligated by New Mexico law to timely pay the benefits in accordance with the terms of the policy.  AAA Life reasonably evaluated the claim, relied on official reports

3

with regard to the sequence of the deaths and paid the claim in a timely manner. AAA Life is protected by New Mexico statute and by common law against liability to pay the claim twice.

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

A.  **Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

1. Wayne Gonzales purchased a term life insurance policy from AAA Life under which Mr. Gonzales was the insured, which policy was issued on December 11, 2006.

2. The policy listed Katherine Gonzales as the primary beneficiary and Carl Gonzales as the contingent beneficiary.

3. On March 2, 2009, Mr. Gonzales shot and killed Mrs. Gonzales and also shot and killed himself.

4. The Office of the Medical Investigator pronounced Mrs. Gonzales dead at 8:21 a.m. on March 2, 2009.

5. The Office of the Medical Investigator pronounced Mr. Gonzales dead at 1:37 p.m. on March 2, 2009.

6. The contingent beneficiary under the policy, Carl Gonzales, Mr. Gonzales' brother, submitted a claim for life insurance benefits under the AAA Life policy.

7. AAA Life received certified copies of the official death certificates for Katherine Gonzales and Wayne Gonzales that were prepared by the New Mexico Office of the Medical Investigator.

8. AAA Life received a copy of an Albuquerque Police Department report stating that Wayne Gonzales shot and killed Katherine Gonzales and then shot and killed himself.

9. AAA Life paid the life insurance benefits to Carl Gonzales as the contingent beneficiary in April 2009.

10. AAA Life was not notified until it received a letter dated January 13, 2011, from attorney Peter Everett IV that anyone else was making a claim to the life insurance policy proceeds.

11. Attorney Michael A. Peters, as counsel for the Estate of Katherine Gonzales, never made a claim to AAA Life on behalf of the Estate or any beneficiaries of the Estate.

**B.  Contested Material Facts.**

1. Plaintiffs' Contentions:  Whether the Defendant is required by both the policy and law to have paid out the life insurance proceeds to Katherine Gonzales' Estate.  In addition, although not necessary to the Plaintiffs' claims, the Defendant conducted an inadequate investigation.

2. Defendant AAA Life's Contentions:

   a. That AAA Life was justified in relying on the police reports, the OMI Death Certificates and the proof of loss documents in determining that Katherine Gonzales died before Wayne Gonzales and that the policy proceeds were payable to the contingent beneficiary.

   b. That no one, including an attorney for the Estate of Katherine Gonzales, notified AAA Life prior to January 2011 that anyone other than Carl Gonzales was making a claim to the insurance policy benefits.

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

   __**X**___ Yes  _____ No

**If yes, identify the applicable law:** New Mexico substantive law and Federal procedural and evidentiary law.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

   N/A

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1. Plaintiffs:

   a. Plaintiffs rely on the policy and on, among other authorities, *Roselli v. Rio Communities*, 1990-NMSC-018 and the Restatement First of Restitution §189 which provides that the proceeds of the life insurance policies should have gone to Katherine's Estate regardless of who died first because Wayne Gonzales did not have the authority to change the beneficiary designation without Katherine's consent and therefore could not accomplish that fact by murdering her.

   b. An insurer must conduct such inquiry or investigation as is reasonable under the circumstances. *G&G Services v. Agora Syndicate,* 2000-NMCA-003, ¶24.

   c. All other issues implicit in the pleadings

2. Defendant AAA Life:

   a. Under New Mexico law, settlement of a death claim "shall be made upon receipt of due proof of death." NMSA 1978, §59A-20-14.  An insurer with no reason not to pay must pay on the policy promptly or at least within a reasonable time. NMSA 1978, §59A-16-20. NMSA 1978, §59A-16-21 directs an insurer to pay within 45 days after required proof of loss has been furnished, or else the insurer can be assessed interest of one and one-half times the

6

prime lending rate on the amount due.  AAA Life was not permitted under New Mexico law to wait for months or years to see if another claim might be made.

    b.  NMSA 1978, §45-1-107 provides that "a certified or authenticated copy of a death certificate purporting to be issued by an official or agency of the place where the death purportedly occurred is prima facie evidence of the fact, place, date and time of death and the identity of the decedent."  "Prima facie" means evidence sufficient to raise a presumption of fact or establish a fact in question unless rebutted.  *Kimbrell v. Kimbrell*, 2013-NMCA-070, ¶10. The death certificates were prima facie evidence that Katherine Gonzales had died before Wayne Gonzales died.

    c.  NMSA 1978, §59A-18-26  provided that payment of benefits under a life insurance policy in accordance with the terms of the policy operates to discharge the insurer from any further liability under the policy unless, before payment was made, the insurer received notice that another person claimed an interest in the proceeds or policy.  AAA Life had not notice of a competing claim to the policy until 2011.  Payment to the contingent beneficiary discharged AAA Life's obligations under the policy.

    d.  Payment in good faith to the beneficiary of record by an insurance company without knowledge of facts vitiating the claim will prevent a second recovery by another claimant. *Crosby v. Crosby,* 986 F.2d 79, 83 (4th Cir.1993); *Weed v. Equitable Life Assur. Soc. of U.S.*, 288 F.2d 463, 464-465 (5th Cir. 1961). *Schwartz v. Mony Group,* 2004 WL 1698675 (E.D.La.2004); *Coots v. Allstate Life Ins. Co.*, 313 F. Supp. 2d 539 (D. Md. 2004). *Loewer v. New York Life Insurance Co.,* 805 F.Supp. 956 (M.D.Fla.1992).

    e.  The fact that an insured killed the primary beneficiary before committing suicide would not deprive the contingent beneficiary of his contractual right to death benefits

under a policy. *See Hughes v. Wheeler*, 364 F.3d 920, 924 (8th Cir. 2004)(holding that contingent beneficiary is entitled to payment as specified in the insurance policy even where insured kills the primary beneficiary)

    f.  New Mexico law emphasizes that an insurer must conduct such inquiry or investigation as is reasonable *under the circumstances*. *G&G Services, supra*, at ¶24, 128 N.M. at 441, 993 P.2d at 758. The investigation does not need to be perfect, but reasonably appropriate under the circumstances. *American Nat. Property and Cas. Co. v. Cleveland,* 2013-NMCA-013, ¶13, 293 P.3d 954, 958.

### VII. MOTIONS

**A.**  **Pending Motions (indicate the date filed):**

  1.  Plaintiffs: Motion for Scheduling Conference to Set New Deadlines Or, In The Alternative, Motion for Leave To Identify Expert; Motion for Leave To File Sur-Reply To Motions For Summary Judgment

  2.  Defendant: Motion for Summary Judgment [DOC. 129], briefing completed [DOC. 142]; Motion to Strike Affidavit of Untimely Disclosed Expert [DOC. 180], briefing completed [DOC. 192].

**B.**  **Motions which may be filed:**

  1.  Plaintiffs: None.

  2.  Defendant: Possible motion(s) in limine.

Briefing must be complete and filed with the Court by **FEBRUARY 24, 2015**.

### VIII. DISCOVERY

**A.**  **Has discovery been completed?** __**X**___ Yes _____ No

If no, discovery terminates on _____.

**B.	Are there any discovery matters of which the Court should be aware?**  No.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.	Plaintiffs' Witnesses:**

1.	Plaintiffs will call or have available at trial the following witnesses:  Scott Box and John Stott (if necessary to establish manner and time of the deaths).

2.	Plaintiffs may call the following witnesses:  EMTs if necessary to establish:  (1) that Wayne Gonzales shot his wife, Katherine Gonzales; and (2) Wayne Gonzales died before Katherine Gonzales.  Any persons identified by the Defendant and any person's necessary to authenticate records.

**B.	Defendant's Witnesses:**

1.	Defendant AAA Life will call or have available at trial the following witnesses:

> Kristen Shopshear
> AAA Life Insurance Company
> 17900 N. Laurel Park Drive
> Livonia, MI 48152-3985

Ms. Shophshear was the claims manager for AAA Life with regard to the claim for the death of Wayne Gonzales and could testify as to the receipt of the claim, evaluation and decisions regarding paying the claim.

9

Defendant AAA Life may call:

    a.    Representative of Peters & Associates, P.A., the attorneys for the Estate of Katherine Gonzales, who Plaintiffs allege failed to notify AAA Life of any claim by the Estate or any beneficiaries of the Estate.

    b.    Carl Gonzales
        2530 DeVita Rd. NW
        Albuquerque, NM

Carl Gonzales was named by his brother, Wayne Gonzales, as the Contingent Beneficiary under the AAA Life insurance policy. Carl Gonzales made the claim for death benefits and was the recipient of the death benefits paid under the policy.

    c.    Representative of the Office of the Medical Investigator to authenticate death certificates that were provided to AAA Life.

    d.    Representative of Albuquerque Police Department to authenticate copy of police report that was provided to AAA Life.

## X. TRIAL PREPARATION

**A. Exhibits.**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than **FEBRUARY 24, 2015**.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than **MARCH 6, 2015**. Each party's contested exhibit list must be filed on the date identified in the preceding paragraph.

All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.     Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties by **FEBRUARY 24, 2015**. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list. The objecting party must mark those portions of the requested deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing on or before **MARCH 6, 2015**.

**C.     Voir Dire.**

    1.     If allowed, do the parties which to participate in voir dire?

        Plaintiffs             __X__ Yes  _____ No

        Defendant          __X__ Yes  _____ No

    2.     Each party wishing to participate in voir dire must serve on all parties and file with the Clerk a pleading entitled "Proposed Voir Dire Questions." The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed voir dire questions. This request must be filed by **MARCH 9, 2015**.

**D.     Jury Instructions and Verdict.**

    **1.     In General.**  The parties must confer about proposed jury instructions. The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given. The stock instructions are available from the Court's web

site. The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

**2.     Sources for Instructions.** If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

**3.     Submission of Proposed Instructions.** The parties must submit one mutually approved set of jury instructions no later than **FEBRUARY 24, 2015**. For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

**4.     Form of Instructions.**

    a.     Submit sets of double-spaced instructions as follows:

    ___ set(s) of originals without citations and headed "Instruction No. ___"; and

    ___ set(s) with citations and numbered accordingly, one of which will be filed.

    b.     If requested, also submit all instructions in a format compatible with MS Word. Please refer to the procedures, available on our web site, for electronically submitting proposed text.

    c.     Submit no more than one instruction to a page.

    d.     All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

    e.     Submit a cover sheet on all sets of instructions.

**5.     Deadlines for Submitting Instructions**.

a. Instructions shall be filed by **FEBRUARY 24, 2015**.

b. Supplemental unanticipated jury instructions may be submitted at trial.

**E.** **Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection. The statement must be submitted to the Court by **FEBRUARY 24, 2015**.

## XI. OTHER MATTERS

**A.** **Settlement Possibilities.**

1. The possibility of settlement in this case is considered:

_____ Poor   _____ Fair   _____ Good   _____ Excellent   \_\_\_**X**\_\_ Unknown

2. Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____ Yes   \_\_\_**X**\_\_\_\_ No  If yes, when? _____

If a settlement conference has already been held, indicate approximate date:

_____

Would a follow-up settlement conference be beneficial?   \_\_\_**X**\_\_\_ Yes _____ No

3. Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify: _____

If no, explain why not: _____

**B.** **Length of Trial and Trial Setting.**

1. This action is a   _____ Bench Trial   \_\_**X**\_\_\_\_ Jury Trial   _____ Both

2. The case is set for call of the calendar on **March 4, 2015 at 11:00 a.m.**.

3. The estimated length of trial is ____**2**____ day(s).

## XII. EXCEPTIONS

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 18th day of December 2014.

|   |   |
|---|---|
| For Plaintiffs | *- Approved via Email 12/18/14 -*<br>Daymon B. Ely<br>*Attorney for Plaintiffs*<br>1228 Central Avenue S.W.<br>Albuquerque, NM 87102<br>(505) 248-0370 |
| For Defendant AAA Life | *- Electronically Signed by P. Scott Eaton -*<br>P. Scott Eaton<br>Eaton Law Office, P.C.<br>P.O. Box 25305<br>Albuquerque, NM 87125-5305<br>*Attorneys for AAA Life Insurance Company* |

Dated: January 20, 2015.

_____
UNITED STATES DISTRICT JUDGE