IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF KATHERINE J.
GONZALES, SCOTT BOX, individually and
as Personal Representative, and RUSSELL
BOX, children of Katherine J. Gonzales,

    Plaintiffs,

vs.                                                                              Civ. No. 11-486 KG/GBW

AAA LIFE INSURANCE COMPANY,
a subsidiary of AAA AUTO CLUB,
GENERAL ELECTRIC COMPANY,
GENERAL ELECTRIC PENSION TRUST,
GE SAVINGS & SECURITY PROGRAM,
METROPOLITAN LIFE INSURANCE,
NEW MEXICO DEPARTMENT OF HEALTH,
UNIVERSITY OF NEW MEXICO,
OFFICE OF MEDICAL INVESTIGATOR,

    Defendants.

## ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. On January 20, 2015, the Court granted, in part, Plaintiff's Notice of Motion and Motion for Leave to File Supplemental/Amended Complaint (Doc. 120). *See* (Doc. 208). The Court allowed Plaintiff to file an amended complaint to (1) correct the name of Defendant General Electric Savings & Security to "GE Savings and Security Program;" (2) eliminate Defendants Michael Peters and Peters & Associates, PA from the complaint; and (3) correct the name of Defendant Metropolitan Life Insurance (Plan Administrator; ERISA) to "Metropolitan Life Insurance Company." *Id.* at 2. On January 30, 2015, Plaintiff filed his Amended Complaint for Negligence, Gross Negligence, Breach of Contract, Bad Faith Insurance Practice, Mandamus, and Punitive Damages (Amended Complaint) pursuant to the Court's January 20, 2015, Order. *See* (Doc. 212).

Upon examination of the Amended Complaint, the Court observes that Plaintiff brings the same state claims he raised in the original complaint against Defendants General Electric Company, General Electric Pension Trust, GE Savings & Security Program (collectively, GE Defendants), and Defendant Metropolitan Life Insurance Company (MetLife) as well as the same Employment Retirement Income Security Act (ERISA) claims against those Defendants. In addition, as in the original complaint, Plaintiff asserts the same claims against Defendants New Mexico Department of Health, University of New Mexico, and Office of the Medical Investigator (collectively, OMI Defendants).

The Court notes that on March 28, 2012, the Court dismissed the original state claims against the GE Defendants and MetLife on the basis of ERISA preemption.  (Doc. 69). Moreover, on August 26, 2014, the Court entered a Stipulated Order Dismissing Defendants University of New Mexico, Office of the Medical Investigator, and New Mexico Department of Health with Prejudice which dismissed the original claims against the OMI Defendants.  (Doc. 173).

In light of these previous determinations, the Court now directs Plaintiff to show cause, if any, why (1) the current state claims against the GE Defendants and MetLife should not also be dismissed with prejudice on the basis of ERISA preemption; and (2) the current claims against the OMI Defendants should not be dismissed with prejudice based on the previous dismissal with prejudice.  Plaintiff's response to this Order to Show Cause must be filed by April 22, 2015.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE